v.

Vicki BEEN, as Commissioner for the New York City Department of Housing Preservation and Development, and New York City Department of Housing Preservation and Development, Defendants.

16 Civ. 4067 (VM)

United States District Court,
S.D. New York.

Signed January 23, 2017

Christine Clarke, Beranbaum Menken LLP, Larry Leung, Shantonu Joi Basu, Manhattan Legal Services, New York, NY,

Edward Joseph Josephson, South Brooklyn Legal Services, Brooklyn, NY, for Plaintiff.

Jacqueline Hui, New York City Law Department, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

Plaintiff A.S. ("Plaintiff") brings this action against Vicki Been, in her capacity as Commissioner of the New York City Department of Housing Preservation and Development ("HPD"), and HPD itself (collectively, "Defendants"), alleging that Defendants deprived Plaintiff of her due process rights, discriminated against her on the basis of her sex, and acted in a manner that was arbitrary, capricious and contrary to federal and local law by denying her the opportunity to be heard at an HPD hearing held to determine the termination of a voucher issued to Plaintiff's husband pursuant to Section of the Housing Act of 1937. See 42 U.S.C. Section 1437(f).

Plaintiff and her husband lived in an apartment together, with the husband receiving a Section 8 voucher pursuant to the HPD Housing Choice Voucher Program. In February 2014, Plaintiff alleged that her husband attempted to rape her. After reporting the incident to the police and obtaining an order of protection against him, Plaintiff submitted a HUD–91066 Form to HPD pursuant to the Violence Against Women Act ("VAWA") to initiate a bifurcation procedure through which the Section 8 voucher held by the husband could be transferred to Plaintiff. In June 2015, after Plaintiff submitted additional paperwork and met with HPD representatives in support of her claim, HPD, without notifying Plaintiff, held a hearing regarding the termination of the husband's Section 8 voucher. After the hearing, HPD notified a representative at Sanctuary for Families that the Section 8 voucher would remain with the husband. In February 2016, HPD sent Plaintiff a letter notifying her that the Section 8 voucher issued to her husband was terminated, with no mention of a process to appeal the decision.

Plaintiff subsequently filed the Complaint alleging six causes of action: (1) violation of due process; (2) disparate treatment under Title VIII of the Civil Rights Act of 1968 ("Title VIII"), 42 U.S.C. Section 3604; (3) disparate impact under Title VIII; (4) disparate treatment under New York City Human Rights Law, N.Y.C. Admin. Code Section 8–107(5); (5) disparate impact under New York City Human Rights Law; and (6) arbitrary and capricious action by Defendants.

At the December 9, 2016 initial conference in this matter counsel for Defendants indicated that they intended to move to dismiss. (See Docket Minute Entry dated December 9, 2016.) The Court ordered a briefing schedule for the parties to submit letter briefs regarding Defendants' proposed motion. (See Docket Minute Entry dated December 9, 2016.) Defendants filed a letter brief on December 19, 2016, arguing that Plaintiff's Complaint should be dismissed because: (1) Plaintiff had no protected property interest in her husband's Section 8 Voucher because the voucher was not in her name; (2) Plaintiff's Fair Housing Act ("FHA") claim should be dismissed because Plaintiff's claim does not concern a "dwelling" within the scope of the FHA; and (3) the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. (See Dkt. No. 25.) Plaintiff's December 30, 2016 opposition letter argues that: (1) VAWA establishes that Plaintiff has a protected property interest in her husband's Section 8 Voucher; and (2) the FHA extends to conduct by actors

who affect the availability of housing, such as the HPD. (See Dkt. No. 27.)

The Court now construes the correspondence described above as a motion by Defendants to dismiss the Complaint ("Motion"). For the reasons discussed below, Defendants' Motion is DENIED.

## I. DISCUSSION

### A. Plaintiff's Due Process Claim

■ When determining whether a plaintiff has an actionable due process claim, courts must determine whether the plaintiff possesses a liberty or property interest and, if so, what process was due before the plaintiff was deprived of such interest. See Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2002).

■ "A termination of [Section 8 voucher payments] or voucher holders' participation in the program constitutes a deprivation [of property interests] that would entitle them to procedural safeguards." Junior v. City of N.Y., Hous. Pres. & Dev. Corp., No. 12 CIV. 3846, 2013 WL 646464, at *6 (S.D.N.Y. Jan. 18, 2013). Other courts have held that merely applying for Section 8 housing entitles an individual to certain due process rights where the local housing authority's practices establish procedures applicable to the denial of an application. See Barfield v. Plano Hous. Auth., No. 4-11-CV-00206, 2012 WL 3135892, at *6 (E.D. Tex. July 6, 2012), report and recommendation adopted, No. 4-11-CV-00206, 2012 WL 3135674 (E.D. Tex. Aug. 1, 2012)("Even if Plaintiff was not entitled to receive housing assistance, pursuant to PHA's own guidelines, he was entitled to receive certain hearings and the opportunity to be heard once he applied.").

The law remains unsettled, however, regarding whether a spouse, who was not the voucher holder herself, has a protected property interest in her spouse's Section 8 voucher. The precedents Defendants cite in their Motion are inapplicable to this case. Junior v. City of New York, Housing Preservation & Development Corporation addressed whether due process rights attached when the housing department determined a plaintiff should pay a larger share of rent. No. 12 CIV. 3846, 2013 WL 646464, at *6 (S.D.N.Y. Jan. 18, 2013)("Here, however, unlike most Section 8 cases in which courts have found the existence of a protected property interest, Plaintiffs' assistance payments were not terminated. Instead, Plaintiffs' complaint appears to be that HPD's practice of requiring Plaintiffs to pay a larger share of rent, relative to their income, is unfair."). Morales v. Related Management Company dealt with a plaintiff who was rejected for a specific apartment, but still retained his Section 8 voucher. No. 13-CV-8191, 2015 WL 7779297, at *6 (S.D.N.Y. Dec. 2, 2015)(finding no due process claim where "Plaintiff's claim is based on Armory Plaza's rejection of his application for an apartment. In other words, Plaintiff asserts a property interest in a specific apartment.").

In this case, HPD terminated Plaintiff's husband's Section 8 voucher and did not transfer the voucher to Plaintiff. While there is authority that suggests it is common practice in other parts of the country to transfer a voucher from an accused abuser to that person's partner following proper notification under VAWA by the abused partner, no case speaks to this precise question. cf. Badri v. Mobile Hous. Bd., No. CIV.A. 11-0328-WS-M, 2011 WL 3665340, at *1 (S.D. Ala. Aug. 22, 2011)("On April 29, MHB notified the plaintiff by mail that his assistance was terminated and that the voucher would be transferred to his spouse and children effective May 31. The letter stated that MHB 'ha[d] received information that verifies that your spouse and children have entered a shelter for domestic violence.' ").

▮ A close reading of VAWA suggests that finding Plaintiff has no interest in the husband's Section 8 voucher would run counter to the purpose of the statute to provide certain protections to survivors of domestic violence. VAWA clearly contemplates the circumstances of this case by establishing a bifurcation procedure to allow public housing agencies to terminate assistance to any individual who engages in activity relating to domestic violence without "penalizing a victim of such criminal activity who is also a tenant or lawful occupant of the housing." 42 U.S.C. Section 14043e–11(3)(B)(i). The statute further states that, if the individual who is removed due to involvement in activity relating to domestic violence is the "sole tenant eligible to receive assistance under a covered housing program," the public housing agency "shall provide any remaining tenant an opportunity to establish eligibility for the covered housing program." 42 U.S.C.A. Section 14043e–11(3)(B)(ii).

VAWA therefore establishes a system whereby, if the original voucher holder's voucher is terminated, the remaining tenant must have an opportunity to establish eligibility to receive the voucher. In this case, if Plaintiff's husband's Section 8 voucher was terminated, Plaintiff herself would be entitled to an opportunity to establish her eligibility for the Section 8 voucher. The provision of this opportunity to be heard illustrates that other occupants of a residence secured through a Section 8 voucher who are not the voucher holders themselves nonetheless have some interest in the voucher itself. This fact is further underscored by the transfer of vouchers by other housing authorities from the alleged abuser to the survivor pursuant to a VAWA claim. cf. Badri, 2011 WL 3665340 at *1.

Furthermore, HPD's own Housing Choice Voucher Program Administrative Plan indicates that a domestic violence survivor has rights when the original Section 8 Voucher was terminated due to activity related to domestic violence. The Administrative Plan states that "HPD may exercise its explicit authority to terminate assistance to any individual who is a tenant or lawful occupant and who engages in criminal activity directly relating to domestic violence, dating violence, sexual assault, or stalking against affiliated individual or other individual ... without terminating assistance to, or otherwise penalizing the victim of such violence who is also a tenant or lawful occupant." HPD Housing Choice Voucher Program Administrative Plan Section 2.5.3 (April 15, 2016)(internal quotation marks omitted). The Administrative Plan further notes that HPD "will consider the role of domestic violence in the family breakup and follow policy when determining who will retain the subsidy." Id., Section 5.1.4.

The Court is persuaded that both VAWA and HPD's own Administrative Plan demonstrates that Plaintiff had a sufficient interest in her husband's voucher, as both establish procedures to allow Plaintiff an opportunity to seek eligibility to receive the voucher if HPD terminated the husband's voucher. VAWA expressly prescribes a bifurcation procedure to provide certain protections with regards to housing, amongst other things, for domestic violence survivors. Were this Court to find that Plaintiff in this case does not have a sufficient property interest in her husband's Section 8 voucher these protections would serve no purpose. Accordingly, the Court finds that Plaintiff has a sufficient property interest in her husband's Section 8 voucher to defeat dismissal of her due process claim.

B. Plaintiff's Fair Housing Act Claim

The FHA makes it unlawful to 'refuse to sell or rent after the making of a bone fide

offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling' on the basis of race, color, religion, sex, familial status, or national origin. 42 U.S.C. Section 3604(a) & (b).

While some courts outside of the Second Circuit have read the FHA to strictly apply to landlords, owners and others who offer dwellings for rent or sale only, see Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277, 1283 (3d Cir. 1993), within the Second Circuit '[t]he phrase 'otherwise make unavailable' has been interpreted to reach a wide variety of discriminatory housing practices, including discriminatory zoning restrictions[.]' Mhany Mgmt., Inc. v. Cty. of Nassau, 819 F. 3d 581, 600 (2d Cir. 2016) (citing LeBlanc-Sternberg v. Fletcher, 67 F. 3d 412, 424 (2d Cir. 1995)).

The Second Circuit has traditionally accorded plaintiffs bringing FHA claims the "broadest possible grounds for standing." Comer v. Cisneros, 37 F.3d 775, 788–89 (2d Cir. 1994). Plaintiffs in the Second Circuit have, in the past, brought suit under the FHA because they were denied Section 8 vouchers. See id. at 790 ("In short, each named plaintiff has standing to bring suit against the RAC defendants pursuant to the FHA because [defendant] (1) has denied Comer, Grimes, Primm, and Stokes the benefits of the Section 8 program, (2) has excluded [Plaintiffs] from participation in these programs, and (3) has subjected [Plaintiffs] to racial discrimination in violation of the FHA and applicable civil rights laws."); see also Taylor v. The Hous. Auth. of New Haven, 267 F.R.D. 36, 49 (D. Conn. 2010), aff'd sub nom. Taylor ex rel. Wazyluk v. Hous. Auth. of City of New Haven, 645 F.3d 152 (2d Cir. 2011) (allowing a FHA claim regarding the administration of a Section 8 voucher program and finding that "courts, including the Second Circuit, have applied the Act to towns and zoning boards that similarly do not act in the capacity of owners, landlords, or sellers").

 In this case, HPD's decision regarding Plaintiff's Section 8 voucher impacted Plaintiff's ability to secure housing. The Court is persuaded that Defendants, through their administration of the Housing Choice Voucher Program, have the capacity to "otherwise make unavailable" Section 8 vouchers to individuals, such that their actions are subject to the FHA. Therefore, the Court finds that Plaintiff's FHA claim falls within the scope of the statute.

As Plaintiff has a protected property interest in her husband's Section 8 voucher sufficient to support a due process claim at this stage of the proceedings, and Defendants' actions with regards to administering the Housing Choice Voucher Program fall within the purview of the FHA, Defendants Motion to Dismiss is **DENIED**.

## II. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Dkt. No. 25) of Defendants Vicki Been and the New York City Department of Housing Preservation and Development (collectively "Defendants") to dismiss the complaint herein (Dkt. No. 1.) is **DENIED**.

**SO ORDERED.**